**UNITED STATES DISTRICT COURT**

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD FRANCIS LUEVANO, | CASE NO. 1:10-cv-00632-SKO PC |
| Plaintiff, | ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE ANY CLAIMS |
| v. | |
| DR. JACK ST. CLAIR, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

**Screening Order**

I.  **Screening Requirement and Standard**

Plaintiff Edward Francis Luevano, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California tort law on March 8, 2010. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity.[1] 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] Plaintiff was incarcerated when he filed suit.

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, ___ U.S. ___, ___, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 129 S.Ct. at 1949.

To state a claim, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Id. at 1949. This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 129 S.Ct. at 1949-50; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 129 S.Ct. at 1949-50; Moss, 572 F.3d at 969.

## II. Plaintiff's Complaint

### A. Summary of Claim

Plaintiff brings this action against prison officials for violating his rights under the Eighth Amendment of the United States Constitution and California law during the time he was incarcerated at the Sierra Conservation Center (SCC) in Jamestown. Plaintiff, who has Hepatitis C, alleges that Chief Medical Officer Jack St. Clair, Doctors Smith and Forester, and Physician Assistant Benak violated his rights by inappropriately discontinuing his interferon treatment after only twelve weeks and in spite of the fact that his viral load was decreasing.

### B. Eighth Amendment Claim

#### 1. Legal Standard

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with

deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc). Where a prisoner is alleging a delay in receiving medical treatment, the delay must have led to further harm in order for the prisoner to make a claim of deliberate indifference to serious medical needs. McGuckin, 974 F.2d at 1060 (citing Shapely v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir. 1985)).

**2.    Discussion**

Plaintiff was transferred to SCC in early February 2008. Prior to his transfer, Plaintiff had been receiving unspecified treatment for Hepatitis C at Pleasant Valley State Prison. Between February 2008 and April 2009, Plaintiff was seen numerous times by Defendants Smith and Forester, his condition was repeatedly evaluated, and periodic blood tests and a liver biopsy were conducted. In March 2009, Defendant Smith told Plaintiff that he had stage 3 fibrosis, which would progress to stage 4 or death if Plaintiff's condition was left untreated. Defendant Smith notified Plaintiff, however, that if he was nearing parole, he would not be treated.

In April 2009, Defendant Smith prescribed interferon and ribavirin (interferon therapy) for forty-eight weeks, with lab testing every two weeks. In July 2009, Defendant Smith discontinued Plaintiff's interferon therapy for the stated reason that it was not effective and he referred Plaintiff back to his primary care physician to discuss the discontinuance. Plaintiff thereafter met with Defendant Benak on July 24, 2009, who informed Plaintiff that his treatment had been discontinued because his viral load decrease did not meet the clinical criterion to continue the treatment.

On August 26, 2009, Plaintiff was told by Dr. Thomatos, who is not a party, that if he was outside prison, there would be additional treatment options available. Plaintiff alleges that none of

1  the defendants referred him to a specialist or advised him of the treatment options available
2  following the discontinuance of the interferon therapy, and they informed him that he could continue
3  with other treatments once he was released from prison in 2010.

4  Plaintiff alleges that his viral load was decreasing on the treatment protocol, and that under
5  prevailing medical standards, a drop in viral load at twelve weeks suggests an early response while
6  detection of the virus at twenty-four weeks suggests a non-response to the treatment. Further,
7  treatment failure may be attributable to factors that should be addressed prior to discontinuance, such
8  as an insufficient dose or an insufficient length of treatment time. Finally, a patient's response may
9  significantly improve if the treatment is extended to forty-eight weeks, and even if viral levels
10 remain present, there is evidence to suggest that interferon treatment may still have benefits.

11 Plaintiff alleges that the treatment was discontinued prematurely at only twelve weeks and
12 with each blood test, his viral load was decreasing. Plaintiff alleges that the decision to discontinue
13 treatment was based on budgetary concerns and disdain for inmates rather than on prevailing medical
14 standards.

15 While a mere difference of opinion between a prisoner-patient and prison medical authorities
16 regarding treatment does not give rise to a section 1983 claim, Franklin v. Oregon, 662 F.2d 1337,
17 1344 (9th Cir. 1981) (quotation marks and citation omitted), the Court finds that Plaintiff has
18 sufficiently alleged the existence of a serious medical condition and a decision by treating physicians
19 Smith and Forester to discontinue interferon treatment in contravention of prevailing medical
20 standards. See Jones v. Johnson, 781 F.2d 769, 771 (9th Cir. 1986) (budgetary concerns do not
21 justify violation of the Eighth Amendment). At the pleading stage, these allegations are sufficient
22 to suggest the existence of more than just a disagreement in treatment. However, Plaintiff has not
23 alleged that any further injury or harm occurred as a result of the discontinuance of the interferon
24 treatment and that omission is fatal to his Eighth Amendment claim against Defendants Smith and
25 Forester. Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006); McGuckin, 974 F.2d at 1060.

26 Plaintiff's allegations do not support a claim against Defendants St. Clair and Benak, the
27 failure to allege further harm notwithstanding. Defendant St. Clair was the Chief Medical Officer
28 at SCC and there are no facts linking him to personal involvement in an act or omission that led to

4

the violation of Plaintiff's rights. Liability may not be imposed on Defendant St. Clair based solely on his position of authority because there is no *respondeat superior* liability under section 1983. Iqbal, 129 S.Ct. at 1948-49; Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009).

Defendant Benak was the Physician Assistant who relayed to Plaintiff the reason for the discontinuance of the therapy. There is no suggestion that Defendant Benak had a hand in treatment decisions relating to Plaintiff's Hepatitis C or that he had any authority whatsoever regarding the initiation or discontinuance of interferon therapy for Hepatitis C patients. Defendant Benak's role as the messenger delivering the reason for the discontinuance of interferon therapy provides no basis for the imposition of liability under section 1983. Iqbal, 129 S.Ct. at 1949.

### C.   State Law Tort Claims

In addition to his Eighth Amendment claim, Plaintiff alleges claims under California law for medical malpractice and intentional infliction of emotional distress (IIED). For the reasons set forth above, Plaintiff's factual allegations are sufficient to support a malpractice claim against Defendant Smith and Forester but not against St. Clair and Benak. However, California's Tort Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues.[2] Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950-950.2 (West 2011). Presentation of a written claim, and action on or rejection of the claim are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995). To state a tort claim against a public employee, Plaintiff must allege compliance with the Tort Claims Act and he has not done so. Shirk, 42 Cal.4th at 209; Bodde, 32 Cal.4th at 1239; Mangold, 67 F.3d at 1477; Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Although Plaintiff alleges exhaustion of the inmate appeals process and

///

---

[2] Formerly known as the State Board of Control.

5

submission of a complaint to the California Medical Board, neither of those avenues of redress satisfies the Tort Claims Act requirement.

If Plaintiff is able to amend to allege compliance with the Tort Claims Act, his IIED claim nevertheless fails. "[T]he elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct." Simo v. Union of Needletrades, Industrial & Textile Employees, 322 F.3d 602, 621-22 (9th Cir. 2003) (citing to Christensen v. Superior Court, 54 Cal.3d 868, 903 (1991)). Conduct is "outrageous if it is 'so extreme as to exceed all bounds of that usually tolerated in a civilized community.'" Simo, 322 F.3d at 622 (quoting Saridakis v. United Airlines, 166 F.3d 1272, 1278 (9th Cir. 1999)). The discontinuance of Plaintiff's medical treatment under the circumstances alleged simply does not give rise to a claim for IIED.

### III. Conclusion and Order

Plaintiff's complaint fails to state any claims upon which relief may be granted under section 1983 and California law. The Court will provide Plaintiff with the opportunity to file an amended complaint curing the deficiencies identified by the Court in this order. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 129 S.Ct. at 1948-49. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an

amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;
2. Plaintiff's complaint, filed March 8, 2010, is dismissed for failure to state any claims upon which relief may be granted;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and
4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   May 6, 2011**                              /s/ Sheila K. Oberto
                                                      UNITED STATES MAGISTRATE JUDGE